UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cv-00113-TWP-DML |
| ) | |
| DOW AGROSCIENCES LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION TO STRIKE**

This matter is before the Court on Defendant Dow AgroSciences LLC's ("Dow") Motion to Strike ([Filing No. 47](#)). Dow asks the Court to strike Section B of Plaintiff David Morris's ("Mr. Morris") Surreply Brief in Opposition to Defendant's Motion for Summary Judgment, asserting that Section B is beyond the scope and purpose of a permissible surreply.

On March 5, 2015, Dow filed a Motion for Summary Judgment, requesting that the Court enter judgment in its favor on all claims filed by Mr. Morris. On April 30, 2015, Mr. Morris filed his Response in Opposition to Defendant's Motion for Summary Judgment. Then on May 18, 2015, Dow filed its Reply Brief in Support of Summary Judgment. Mr. Morris filed a Surreply Brief in Opposition to Defendant's Motion for Summary Judgment on May 27, 2015. Dow's Motion to Strike followed.

In its Motion to Strike, Dow asserts that the "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion," quoting *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). Dow explains that Local Rule 56-1(d) allows a summary judgment surreply only in limited circumstances—if the movant cites new evidence in the reply or objects

to the admissibility of the evidence cited in the response. Where a surreply is permitted, it must be limited to the new evidence and objections. Dow argues that Section B of Mr. Morris's surreply brief goes beyond the scope of a permissible surreply by repeating his arguments from his response brief and alleging factual disputes in an attempt to get the final word. While Dow does not agree with the content of Section A of Mr. Morris's surreply, it acknowledges that Section A is a proper subject for a surreply.

In responding to the Motion to Strike, Mr. Morris argues that Section B of Dow's reply brief objected to several material facts cited in his response brief, and Section B of his surreply brief responds to Dow's objections. He asserts that Local Rule 56-1(d) allows him to respond to objections raised in Dow's reply brief. Dow replies that Local Rule 56-1(d) does not allow a surreply to respond to objections to a non-movant's "material facts" but rather permits a surreply to "new evidence" in the reply and objections to the "admissibility of evidence" cited in the non-movant's response. Thus, the Motion to Strike should be granted.

Having reviewed Dow's summary judgment brief, Mr. Morris's response brief, the reply brief, and surreply brief, the Court determines that the Motion to Strike should be denied. While Section B of Mr. Morris's surreply does not fit within the scope of Local Rule 56-1(d) because it simply reasserts his arguments about certain facts previously raised in his response brief, the Court finds that such repetition does not prejudice Dow and is harmless. The Court is able to appropriately review the evidence and determine the facts based on the evidence without consideration of which party got the "final word." Therefore, Dow AgroSciences LLC's Motion to Strike is **DENIED**.

**SO ORDERED.**

Date: 3/24/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Gregory A. Stowers
STOWERS & WEDDLE PC
gstowers@stowersandweddle.com